UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-00097-JRS-TAB-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LINDA BOW | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:20-cr-00097-JRS-TAB |
| LINDA BOW, | ) ) -2 |
| Defendant. | ) ) |

**ORDER**

Defendant Linda Bow has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1453. In addition, Ms. Bow has asked the Court for the appointment of counsel. Dkt. 1510. For the reasons explained below, her motions are **DENIED**.

**I.   Background**

In 2021, Ms. Bow pleaded guilty to one count of conspiracy to distribute and to distribute 500 grams or more of methamphetamine mixture and heroin in violation of 18 U.S.C. § 841(a)(1) and 846. Dkt. 1212 at 1. From December 2019 to March 2020, she worked as a drug runner for a drug trafficking operation in Indianapolis, Indiana. Dkt. 545 at 7. Ms. Bow delivered drugs to the operation's customers daily during that time. *Id.*

Ms. Bow faced a guidelines range of 70 to 87 months of imprisonment. Dkt. 956 at 12. The Court sentenced her to a below-guidelines sentence of 60 months of imprisonment to be followed by 3 years of supervised release. Dkt. 1212 at 2–3. The Bureau of Prisons ("BOP") lists Ms. Bow's anticipated release date (with good-conduct time included) as January 1, 2025. https://www.bop.gov/inmateloc/ (last visited January 11, 2024).

Ms. Bow has filed a pro se motion for compassionate release. Dkt. 1453. Ms. Bow argues that she establishes extraordinary and compelling reasons for compassionate release because (1) she is experiencing a deterioration of her physical and mental health that is limiting her ability to perform self-care while incarcerated and for which she is not receiving adequate treatment in BOP; (2) she has been the victim of physical abuse by BOP officials while incarcerated, (3) she wishes to be at home to care for her mother who is not in good health; and (4) she has not had access to the snacks, coffee and drinks that she requires. Dkt. 1453 at 5–6; Dkt. 1472 at 1; Dkt. 1491 at 3. The United States has filed an opposition to the motion, dkt. 1456, and Ms. Bow filed a reply, dkt. 1472. Thereafter, the Court ordered the United States to file a supplement response that included the defendant's medical records and addressed whether Ms. Bow had an additional medical examination as recommended by her neurologist. Dkt. 1475. The United States filed a supplemental response. Dkt. 1494. Ms. Bow submitted a letter to the Court, dkt. 1491, and a reply containing a request for the appointment of counsel, dkt. 1510. The motions are now ripe.

## II.     Discussion

### A. Request for Counsel

Ms. Bow has requested the appointment of counsel to represent her in this matter. Dkt. 1510. There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Ms. Bow request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Ms. Bow is not entitled to the appointment of *pro bono* counsel. When addressing a request for *pro bono* counsel, "the district court is to make

3

the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Ms. Bow has not indicated whether she has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that she has not made a reasonable effort to recruit counsel on her own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For this reason, Ms. Bow has not shown that *pro bono* counsel should be recruited and her request for assistance with recruiting counsel must therefore be denied.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Ms. Bow's motion, as appropriate.

Ms. Bow argues that she suffers from medical conditions which render her unable to provide self-care while incarcerated. Dkt. 1453 at 5. Ms. Bow says she suffers from serious cognitive decline due to dementia. *Id.* She further claims that BOP is failing to properly address her cardiovascular risks and her sleep and neurological conditions. *Id.*; Dkt. 1472 at 1. It does not appear from the record, however, that she is incapacitated, that she is at risk of a serious deterioration of her health, or that her conditions are life-threatening. Further, Ms. Bow's medical records do not support her contention that she cannot provide self-care. The record from her examination with her physician acknowledges that she suffers from short term memory loss and mild cognitive impairment, but states only that she is experiencing possible early dementia and did not provide such a diagnosis or support for Ms. Bow's contention that any dementia is "rapidly progressing." Dkt. 1453-1 at 11.

The record also does not show that Ms. Bow has been denied medical treatment while incarcerated. Ms. Bow argues that she was proscribed Aimovig but has not received it. Dkt. 1453 at 5–6. She also claims that she has not been visited by a pulmonary doctor, a sleep doctor, or a physician who would address her COPD, which had been a recommended part of her care. Dkt. 1472 at 1. Her medical records, however, show that Ms. Bow has in fact been taking COPD medication, albuterol sulfate, as needed as of November 29, 2022, dkt. 1494-1 at 57, that she was

5

seen by a neurologist who conducted a sleep exam with normal results on July 26, 2023, dkt. 1494-2 at 318, and that she had a pulmonary examination on September 22, 2023, which also showed normal findings, *id.* at 328. Even if Ms. Bow were not receiving adequate treatment for her conditions in the BOP, such allegations might form the basis for relief in a civil suit filed in Ms. Bow's district of incarceration, but does not constitute grounds for a sentence reduction under § 3582(c)(1)(A). For these reasons, the Court finds that Ms. Bow has failed to carry her burden to show that her health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

Ms. Bow also alleges that she was the victim of physical abuse while in BOP and this constitutes an extraordinary and compelling reason for her release. Dkt. 1491 at 3. She alleges that an officer put his knee into her back, and she believed he had broken her ribs. *Id.* The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited January 19, 2024). One such new circumstance is related to defendants who are a "victim of abuse" where:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> > (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
> >
> > (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

6

> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4). Ms. Bow however has not produced evidence that the force used against her resulted in serious bodily injury or that misconduct was established in a legal or administrative proceeding of any kind. For this reason, she has not met her burden to demonstrate that any abuse against her is an extraordinary and compelling reason for release whether considered alone or in combination with any other factor.

Ms. Bow's next asserted extraordinary and compelling reason for her release is that she is needed at home to provide care for her mother who is not in good health. Dkt. 1472 at 1. Under the recently amended guidelines, one potentially extraordinary and compelling reason for release is "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Ms. Bow has not provided evidence that her mother is incapacitated or that Ms. Bow would be the only person available to provide care for her. As such, the Court declines to exercise its discretion to find that Ms. Bow has met her burden to establish that care for her mother is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Lastly, Ms. Bow argues that the conditions in BOP, including her inability to receive snacks, drinks, and coffee, constitutes extraordinary and compelling reasons for release. Dkt. 68 at 25–30. Even if these allegations rise to the level of inadequate conditions thus violating her constitutional rights, such allegations might form the basis for relief in a civil suit, but are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the

7

conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Even if the Court were to assume that Ms. Bow had established an extraordinary and compelling reason, however, the Court would nevertheless find that Ms. Bow is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in her favor.[1] Weighing in her favor, she had no criminal history prior to the instant offense. Dkt. 956 at 7–8. Weighing against her, Ms. Bow committed a serious crime. Ms. Bow received the substantial benefit of a below guidelines sentence and the Court was aware of her medical conditions at the time of sentencing when it granted the downward variance. Dkt. 956 at 10. Further, she was sentenced less than three years ago and is not scheduled to be released from prison until January 2025; thus, releasing her now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Ms. Bow early would not: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Conclusion

For the reasons stated above, Ms. Bow's motion for compassionate release, dkt. [1453], and her motion for the appointment of counsel, dkt. [1510], are **denied**.

**IT IS SO ORDERED.**

Date: 01/22/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Linda Bow
Register Number: 17527-028
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127